FANNIE PROOPIS, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Supreme Court, Special Term, Kings County, April 24, 1944.

*Eugene T. O'Neill* and *Leo D. Fitzgerald* for defendant.

*Albert E. Schwartz* and *Alexander Rothstein* for plaintiff.

COLDEN, J.   This action was instituted in March, 1941.   The lawyer who was then the attorney for the plaintiff was disbarred in June of 1941 for causes having no relation to the instant action, and thereafter the present attorneys were substituted in his place.   On March 28, 1944, an order for the examination of the defendant before trial was granted, pursuant to which order the attorneys met on April 10, 1944, for the purpose of proceeding with the examination.   Before the examination started counsel for the plaintiff announced that the former attorney (now disbarred) was present as an actuarial expert to assist at the examination in matters pertaining to mathematical computations and actuarial problems.   The attorneys representing the defendant objected to the presence of the former attorney at the examination because of his disbarment, and counsel now submit such objection for a ruling as to the propriety of the presence of such former attorney at the examination.

Counsel for plaintiff urges that in this action plaintiff must prove that loans made by the defendant were usurious and that there was sufficient equity in the policies to carry them over and beyond the death of the insured; that the assembling of the facts to prove plaintiff's case requires the service of an actuary, and inasmuch as the disbarred attorney is an expert actuary, plaintiff is entitled to have him present at the examination " for the sole and only purpose of performing work as an actuarial expert."   Counsel for the plaintiff concedes that the law precludes the employment of a disbarred attorney to give advice in relation to the law or to be employed by an attorney in connection with the practice of law, but he contends that these mandates against giving advice as to the law are in no manner breached by the presence of the disbarred attorney at the examination before trial for the reason that " His advice is strictly confined to the facts."   But subdivision 2 of section 88 of the Judiciary Law, among other things, commands that the dis-

barred attorney shall " desist and refrain from the practice of law *in any form,* either as principal or as agent, clerk or *employee of another."* (Italics supplied.) Said section further provides that the order of disbarment shall forbid " The giving to another of an opinion as to the law or its application, *or of any advice in relation thereto,"* (italics supplied) for compensation or reward. Counsel for plaintiff in his affidavit fixed the status of the disbarred attorney as an employee by the use of such expression as " There can be no question that the plaintiff is entitled *to retain the services of an actuary ".* (Italics supplied.) " Indeed, were this action for a breach of warranty of furs or merchandise, plaintiff has the right to retain an expert on this subject. Why then should not the plaintiff be permitted to retain an expert-actuary. * * * Nor, it is respectfully urged, could the act [the section of the Judiciary Law referred to above] be deemed to bar such disbarred attorney from being employed by a lawyer as a painter or expert painter." The argument is fallacious. The painter, the expert painter, the fur expert and the merchandise expert referred to by counsel as illustrations for his argument, if they were disbarred lawyers, would all be subject to the ban which is embraced in the order of disbarment and none of them would be permitted to associate himself with counsel in an examination before trial or any other legal proceeding in which he actively participates in planning and executing the progress of the litigation. In the instant case counsel frankly states that he desires to have the former attorney at the examination for the " purpose of performing work as an actuarial expert." Such work as an actuarial expert means only one thing, and that is that his presence is desired so that he may assist and take part in a legal proceeding by giving advice to counsel as the facts, upon which he is an expert, are developed. In the case of *Matter of Treadwell* (175 App. Div. 833) cited with approval in *Matter of Sutherland* (252 App. Div. 620) the court said, " When an attorney has been disbarred, he has been pronounced unfit for further professional activities." While the present situation is aggravated by the fact that the disbarred lawyer whom plaintiff seeks to have participate in the examination before trial, was the former attorney of record for the plaintiff, that fact is not the determining factor. The objection must be sustained for the reason that the employment of a disbarred lawyer to assist counsel in an examination before trial is forbidden by the provisions of the Judiciary Law (§ 88, subd. 2, *supra*) and is contrary to the decisions of our courts,

and to the ethical principles which must be followed by all who are privileged to be members of the legal profession.

The determination made herein does not preclude plaintiff from having an actuarial expert present to assist counsel at the examination before trial provided that the actuarial expert is not a disbarred lawyer. Nor does it prevent the former lawyer from doing his work as an actuarial expert so long as he refrains from violating the provisions of the law applicable to those who have been disbarred as attorneys and counsellors at law. Certain it is that our law rigidly excludes those who have been disbarred from the slightest participation in the work of a lawyer or of his office, to which employment, as a layman, there could not be the slightest objection were it not for the fact of disbarment. The question as to whether the former attorney may be called as an expert actuarial witness at the trial of this action is not now before this court and is not determined at this time. The objection is sustained, and the former attorney will be excluded from the examination before trial which will proceed in accordance with the order granting it, and agreeably to the stipulation of the parties. An order may be submitted on notice if desired.